IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK A. REESE, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 25-00035-KD-B |
| | * | |
| DR. LOVEGOOD, *et al.*, | * | |
| | * | |
|     Defendants. | * | |

## ORDER

At the direction of the Court, Plaintiff Mark A. Reese, a
Mobile County Metro Jail inmate proceeding without an attorney,
filed an amended complaint seeking relief under 42 U.S.C. § 1983
(Doc. 16).  Because Reese was granted leave to proceed in this
action without prepayment of fees and is seeking redress from
officers or employees of a governmental entity, his amended
complaint is subject to review under 28 U.S.C §§ 1915 and 1915A,[1]
which require the dismissal of a complaint, or any portion of a
complaint, that is frivolous, malicious, fails to state a claim on
which relief may be granted, or seeks monetary relief against a
defendant who is immune from such relief.  After a thorough review
of Reese's amended complaint, and for the reasons discussed below,
the undersigned finds that the amended complaint is due to be

---

[1] This case has been referred to the undersigned Magistrate Judge
for appropriate action pursuant to 28 U.S.C. § 636(b)(1), Federal
Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b).

dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). In lieu of dismissal, however, Reese will be allowed a final opportunity to amend his complaint. Plaintiff Reese is hereby **ORDERED** to file a second amended complaint on or before **June 16, 2025.**

### I.    Screening Standard

Because Reese is a prisoner proceeding *in forma pauperis* who seeks redress from officers or employees of a governmental entity, the Court has conducted an initial screening review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Section 1915(e)(2)(B) requires a district court to dismiss an IFP prisoner action if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Similarly, under § 1915A, a court must review a prisoner's complaint to identify cognizable claims and must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1)-(2). Dismissal for these reasons is mandatory rather than discretionary.

A claim is frivolous "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," when its "factual contentions are clearly baseless," or when the defendant is immune from suit. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This means that a complaint must have sufficient factual allegations "to raise a right to relief above the speculative level," and the allegations must "show that the pleader is entitled to relief." Twombly, 550 U.S. at 555, 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

In reviewing Reese's amended complaint, the Court liberally construes his allegations, holding them to a more lenient standard than those drafted by an attorney. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, this leniency does not give the Court license "to rewrite an otherwise

3

deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, the Court "accepts the complaint's factual allegations as true," Daker v. Ward, 999 F.3d 1300, 1307 (11th Cir. 2021), but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681. As a *pro se* litigant, Reese is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## II.  Summary of the Complaint

Read broadly, Reese's amended complaint alleges that on July 27, 2024, Officers C. Norwood, J. Ellontrson, D. Davis, Q. Brown, and A. Brown used excessive force against Reese. (See Doc. 16). As best the Court can discern, the incident allegedly began when Officer Norwood falsely accused Reese of "jerking" away from her during a "pat down." (Id. at 5). Though Reese denied "jerking away" from the officer, Reese insinuates that it prompted Officer Ellontrson to "push" Reese while he was following orders to pack his bag. (Id.). Thereafter, Officers Davis, A. Brown, and Q. Brown punched him in the face and on the side of the head, while forcing his hands into handcuffs. (Id. at 7). Reese claims he did not receive a body chart after the incident but was instead taken straight to another housing unit. (Id.).

4

Reese is suing Officers Norwood, Ellontrson, Davis, A. Brown, and Q. Brown for using excessive force against him. (Id. at 11-13). He is also suing NaphCare, Inc. as the entity hired to provide health care and medical treatment at the Mobile County Metro Jail (id. at 7, 13); District One Mobile County Commissioner Merceria Ludgood[2] as the supervisor responsible for hiring and paying NaphCare, Inc. (id. at 6); Sheriff Paul Burch as the supervisor over the Mobile County Metro Jail and NaphCare, Inc., who is responsible for ensuring adequate medical treatment is provided to inmates (id.); and Warden Sam Houston as the supervisor over the Mobile County Metro Jail, its employees, and NaphCare, Inc., who is also responsible for ensuring adequate medical treatment is provided to inmates. (Id. at 8).

## III. Discussion

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a person acting under color of state law violated a specific federal constitutional right or federal statutory provision. Doe v. Sch. Bd. of Broward Cty., Fla., 604 F.3d 1248, 1265 (11th Cir. 2010); see also Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2)

---

[2] Incorrectly named in the amended complaint as "Dr. Lovegood."

deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States."). Reese, however, fails to connect the actions of named defendants to a constitutional violation.

## A. Claims Against Supervisory Defendants

In his amended complaint, Reese names Commissioner Merceria Ludgood, Sheriff Paul Burch, Warden Sam Houston, and NaphCare, Inc. as defendants in this action. The allegations asserted against each are vague, conclusory, and directed solely at the defendant's role as a supervisor. "[T]he standard by which a supervisor is held liable in [his or her] individual capacity for the actions of a subordinate is extremely rigorous." Christmas v. Harris County, Ga., 51 F.4th 1348, 1355 (11th Cir. 2022) (quotation omitted). There is no "vicarious liability, including respondeat superior, in § 1983 actions." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007). Thus, a defendant "may not be sued under Section 1983 for the acts of others but, rather, only for its own acts." Hamilton v. City of Jackson, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), aff'd, 261 F. App'x 182 (11th Cir. 2008). Accordingly, a plaintiff asserting a claim against a supervisory official under 42 U.S.C. § 1983 must show a causal connection between the supervisory defendant's actions, orders, customs, or policies and the alleged violation of the plaintiff's rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). A

6

casual connection may be established by alleging sufficient facts

to show:

> (1) a history of widespread abuse puts the responsible
> supervisor on notice of the need to correct the alleged
> deprivation, and he or she fails to do so; (2) a
> supervisor's custom or policy results in deliberate
> indifference to constitutional rights; or (3) facts
> support an inference that the supervisor directed
> subordinates to act unlawfully or knew that subordinates
> would act unlawfully and failed to stop them from doing
> so.

Myrick v. Fulton County, Ga., 69 F.4th 1277, 1297 (11th Cir. 2023)

(quotation omitted).

Reese claims that these defendants, as supervisors, are

responsible for hiring, paying for, and/or ensuring that jail

inmates receive adequate medical treatment.  The only factual

allegation found in the amended complaint related to inadequate

medical care, however, is Reese's claim that he was denied a body

chart after force was used against him on July 27, 2024.  He does

not describe his injury with specificity.  He does not put forth

facts demonstrating that inmates are commonly denied body charts

after force is used against them, such that NaphCare, Inc. would

be aware of it (or could be seen as causing, directing, or allowing

it), or that Commissioner Ludgood, Sheriff Burch, or Warden Houston

were aware of a history of such conduct (or could be seen as

causing, directing, or allowing it).  Neither does Reese allege

that he requested medical attention or that he was in obvious need

of medical attention but was denied it.  Reese does not claim that

any named defendant had a policy or custom that resulted in
inadequate healthcare being provided.  And Reese asserts no factual
allegations suggesting that any named supervisory defendant
directed any subordinate to act unlawfully or to deny Reese medical
treatment, or that any supervisory defendant even knew Reese needed
medical treatment.  Nor does Reese allege how the denial of a body
chart harmed him.

As currently pleaded, Reese's allegations against the
supervisory defendants are insufficient to state a claim upon which
relief may be granted and are due to be dismissed pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The general rule in this circuit for *pro se* plaintiffs is
that "[w]here a more carefully drafted complaint might state a
claim, a plaintiff must be given at least one chance to amend the
complaint before the district court dismisses the action with
prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)
(per curiam), overruled in part by Wagner v. Daewoo Heavy Indus.
Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)
(overruling Bank's one-chance-to-amend rule as to counseled
parties).  However, "a district court need not grant leave to amend
when either (1) 'the district court has a clear indication that
the plaintiff does not want to amend his complaint,' or (2) 'a
more carefully drafted complaint could not state a claim.'"

Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting Bank, 928 F.2d at 1112).

Upon consideration, Reese will be given another opportunity to amend his complaint. See Lee v. Alachua County, Fla., 461 F. App'x 859, 860 (11th Cir. 2012) (per curiam) (requiring that a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint, but recognizing that an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment). While the Court previously laid out deficiencies in Reese's original complaint, Reese was not instructed specifically as to his excessive force and denial of medical care claims. (See Doc. 3). For this reason, the undersigned finds that Reese may benefit from a final opportunity to amend his complaint.

**B. Claims Against Officer Defendants**

To state a claim of excessive force, Reese "must show . . . that the force purposely or knowingly used against him was objectively unreasonable. . . . A court must make this determination from the perspective of a reasonable officer on the scene, including what that officer knew at the time, not with the 20/20 vision of hindsight." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). Whether the force used against Reese is considered objectively unreasonable turns on the "facts and circumstances of [his] particular case." Id. at 397 (quotation omitted). Courts

use the following six nonexclusive factors for determining the
reasonableness of force used:

(1) the relationship between the need for the use of force and
the amount of force used,

(2) the extent of the plaintiff's injury,

(3) efforts made by the officer to temper or to limit the amount
of force,

(4) the severity of the security problem at issue,

(5) the threat reasonably perceived by the officer, and

(6) whether the plaintiff was actively resisting.

Id.

Based on Reese's allegations, it is difficult for the
undersigned to get a clear and complete picture of the July 27,
2024 incident. For instance, it appears that the officers were in
Reese's cell to move him to another cell; however, Reese does not
state this or provide the reason why the officers were in his cell.
It appears from the allegations that the officers may have ordered
Reese to "pack a bag" and/or submit to handcuffs, yet Reese does
not specifically state this, nor does he indicate his response(s)
to the officers' orders. Furthermore, Reese does not describe his
injury beyond claiming "disfigurement" of his hand. In total,
Reese's allegations are vague and fail to provide the factual

10

context in which the incident occurred, a full description of the incident, and the injury or injuries sustained.[3]

Because Reese's amended complaint is void of pertinent facts relating to his excessive force claims, he will be given the opportunity to amend these claims as well. With the legal standard provided above for establishing an excessive force claim, Reese is reminded that a complaint in federal court must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. To show a defendant is liable for the misconduct alleged, a plaintiff is required to include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

---

[3] Notably, the undersigned cannot discern from the amended complaint whether Reese received medical treatment for his hand(s) at a later date. It appears from the amended complaint that an x-ray may have been performed on July 29, 2024 (see Doc. 16 at 5), but there are no details describing what the diagnosis was, what treatment was provided, who treated him, or how treatment was obtained.

### IV.  Conclusion

For the reasons discussed, Plaintiff Reese is hereby **ORDERED** to file a second amended complaint on or before **June 16, 2025.**

Reese must draft and file his second amended complaint on this Court's form complaint for a prisoner action under 42 U.S.C. § 1983.  Reese must fully complete all applicable sections of the complaint form.   If additional pages are needed, Reese must **strictly follow** the format contained in the form complaint when completing the additional pages.

Reese is informed that his second amended complaint will completely replace his previous complaint.  Therefore, the amended complaint shall not rely upon, reference, or seek to incorporate by reference any portion of his prior complaints.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).  Reese must include every detail and claim he wants to bring against the defendants within the second amended complaint, or it will not be considered by the Court.

Reese is **cautioned** that if he does not file a second amended complaint within the ordered time, or if he files a second amended complaint that fails to comply with the pleading standards set out

in this order, the undersigned will recommend that this action be dismissed.

Reese is further **cautioned** that his failure to immediately notify the Court in writing of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and to comply with the Court's orders.

The Court will screen Reese's second amended complaint under 28 U.S.C. §§ 1915 and 1915A once it is filed.

The Clerk is **DIRECTED** to send Reese copies of this Court's form for a prisoner complaint under 42 U.S.C. § 1983 and his amended complaint (Doc. 16), along with a copy of this order.

**ORDERED** this **15th** day of **May, 2025.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**