**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARK A. REESE, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-000035-KD-B |
| | * |
| DR. LOVEGOOD, *et al*., | * |
| | * |
| Defendants. | * |

## ORDER

Upon *sua sponte* review of this action and in light of Plaintiff's Motion for Discovery (Doc. 54), the Court hereby **WITHDRAWS** its **ORDERS** dated May 15, 2026 (Doc. 52) and June 3, 2026 (Doc. 55).

Before the Court is Plaintiff's Motion for Discovery (Doc. 54). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under this rule, relevancy has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted); see also Hope For Families & Community Serv., Inc. v. Warren*,* 2009 WL 174970, *3 (M.D. Ala. Jan. 26, 2009) (recognizing that district courts have "broad

discretion to ensure that parties 'obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense,' and '[f]or good cause, . . . may order discovery of any matter relevant to the subject matter involved in the action.'"). Indeed, "[t]he standard for what constitutes relevant evidence is a low one[.]" United States v. Tinoco, 304 F.3d 1088, 1120 (11th Cir. 2002), cert. denied sub nom. Hernandez v. United States, 538 U.S. 909 (2003).  However, the scope of discovery is not without limits, the Supreme Court itself recognizing that "'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" Oppenheimer Fund, Inc., supra, 437 U.S. at 351 (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Certainly, for instance, "[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." Id. at 351-352 (internal quotation marks omitted). More to the point, "'[n]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.'" Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (quoting 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2d § 2008, pp. 105-06 (1994)).

In addition to being nonprivileged and relevant, discovery requests must also be "proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1).  To determine whether the request is

proportional to the needs of the case, the Court must consider "the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Keeping in mind these general tenets, the Court determines that discovery requests number 1, 2, 3, 4, and 5 are not relevant to the single remaining claim, which relates to inadequate medical care. Accordingly, these requests are **DENIED**.

However, the Court determines that requests 6, 7, 8, 9, 10, 11, and 12 are relevant to Plaintiff's inadequate medical care claim and proportional to the needs of the case. For this reason, to the extent Defendants control or possess such requested records, documents, and/or images, Defendants are **ORDERED** to produce evidence or answers to discovery requests 6-12 of Plaintiff's Motion for Discovery (Doc. 54) on or before **August 17, 2026.**

For the reasons stated herein:

1. The Clerk is **DIRECTED** to **WITHDRAW** the Court's Orders dated May 15, 2026, and June 3, 2026, Docs. 52 and 55, respectively.

2. The Court **GRANTS, in part**, and **DENIES, in part**, Plaintiff's Motion for Discovery (Doc. 54).

3

3. Defendants NaphCare Alabama LLC f/k/a NaphCare, Inc., Sheriff Paul Burch, and Warden Sam Houston are **ORDERED** to produce responses to Plaintiff's Discovery Requests numbered 6-12 in his Motion for Discovery (Doc. 54) on or before **August 17, 2026.**[1]

**ORDERED** this **17th** day of **July, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]     It is unclear from Plaintiff's Motion for Discovery from which of the named defendants Plaintiff seeks discovery evidence. However, because the sole remaining claim in this action challenges inadequate medical care and is alleged against NaphCare Alabama LLC f/k/a NaphCare, Inc., Sheriff Paul Burch, and Warden Sam Houston, the Court construes Plaintiff's discovery request as to all defendants.